United States Courts
Southern District of Texas
FILED

*March 19, 2026*

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 2 0 2022

BY
DEPUTY
SEALED

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | **4:26-mj-196** |
| AMIR HOSSEIN FATHI (1) | § | No. 4:22-CR-00057 |
| LEVI ALEXANDER MARTINEZ (2) | § | Judge Jordan |
| JACOUREY DEWYONE BLUE (3) | § | |
| DAMEION DEON CALHOUN (4) | § | |
| EVAN TERRICE WILSON (5) | § | |
| VINCENT EDWARD TASBY (6) | § | |
| DONTE DEON JAMES (7) | § | |
| REGINALD HENRY (8) | § | |
| GEORGE ADEL ISRAEL (9) | § | |

## FIRST SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

At all times material to this First Superseding Indictment: ·

### INTRODUCTION

1.     **RJ Telecom** and **SCS Supply Chain** exported over $100 million worth of

Apple and Samsung products into the United Arab Emirates ("U.A.E.") and Hong Kong

grey markets. Its executives paid others who stole most of these electronics through acts

of robbery, fraud, or theft.

2.     The grey market avoids formal distribution channels. This allows

companies like **RJ Telecom** and **SCS Supply Chain** to sell stolen products abroad.

Often, these trafficked devices include new Apple and Samsung electronics (e.g., phones,

tablets, laptops, smart watches, and other personal electronic devices, hereafter

"devices") that are illicitly obtained in the United States and exported to foreign countries

First Superseding Indictment/Notice of Penalty
Page 1

like the U.A.E. and Hong Kong. There, foreign entities sell these new devices in those and other countries to an end consumer. Typically, Apple or Samsung sell their new products to authorized distributors, like AT&T and T-Mobile, or big box retailers, like Walmart and Best Buy.

3. **SCS Supply Chain** and other entities purchased consumer goods that were illicitly obtained through fraud or theft. These consumer goods consisted of a variety of products like clothes, dog food, thermostats, tools, vacuums, and Yeti product.

4. **Maaz Aziz** and **Saad Aziz,** the owners or controllers of **SCS Supply Chain,** and **Abdul Bhangda** and **Arsalan Bhangda,** the owners or controllers of **RJ Telecom,** were indicted under Eastern District of Texas cause number 4:20-CR-382. The indictment in 4:20-CR-382 is attached as Exhibit A and incorporated by reference as if fully set forth herein.

## THE SCHEME

5. **RJ Telecom** and **SCS Supply Chain** bought stolen product from device traffickers or other similar companies (a.k.a. "suppliers" or "wholesalers," hereafter wholesalers). The device traffickers stole electronics through fraud, robbery, or theft. Device traffickers worked alone or as part of a criminal group. **RJ Telecom** and **SCS Supply Chain's** executives and their employees met with device traffickers in parking lots and at their physical store locations to exchange money for stolen devices. **RJ Telecom** and **SCS Supply Chain** also purchased from wholesalers—similar companies who purchased from their own device traffickers.

6. These sources of supply allowed **RJ Telecom** and **SCS Supply Chain** to aggregate new devices for export to foreign companies.

## SCS Supply Chain

7. **Saad and Maaz Aziz** own or operate numerous active companies. **Maaz Aziz** and **Saad Aziz** were in control of each company and operated all companies as one company[1]. **Gizmobile 1** was a retail store front for **SCS Supply Chain** used to purchase illicitly obtained new devices from device traffickers. **SCS Supply Chain** maintained an office and warehouse at 14292 Gillis Road, Farmers Branch, Texas. The warehouse stored stolen new devices and consumer goods.

8. **SCS Supply Chain** purchased new devices from numerous wholesalers, to include co-defendants under Eastern District of Texas cause number 4:20-CR-382, such as **Abdullah Anwar, Ali Anwar,** and **Jibran Khalil.**

9. **SCS Supply Chain** purchased new devices from numerous device traffickers, to include co-defendants under Eastern District of Texas cause number 4:20-CR-382, such as **Reyshawn Willie Devon Green** and **James David Reeves,** and from **Amir Hossein Fathi** and **Levi Alexander Martinez.**

10. **SCS Supply Chain** and **RJ Telecom** supplied each other with illicitly obtained devices. **RJ Telecom** exported new devices purchased from **SCS Supply**

---

[1] For these reasons, and simplicity, at all times in this First Superseding Indictment, all transactions, financial statements, shipping records and other activities for other **Maaz Aziz** and **Saad Aziz** and their related companies will be reflected as **SCS Supply Chain.**

First Superseding Indictment/Notice of Penalty
Page 3

**Chain**. From December 2016 to October 2019, **RJ Telecom** made payments to **SCS Supply Chain** of over $4,000,000.

11.   **SCS Supply Chain** exported stolen devices through interstate carriers to companies in the U.A.E and Hong Kong. Over 1,000 packages were shipped to U.A.E. and Hong Kong companies.

12.   From approximately 2015 to 2021, **SCS Supply Chain** received approximately $24,000,000 from Dubai companies and $3,300,000 from Hong Kong companies.

13.   **SCS Supply Chain** purchased stolen new consumer goods from numerous traffickers to include **Dameion Deon Calhoun, Jacourey Dewyone Blue, Evan Terrice Wilson, Donte Deon James**, and **Reginald Henry,** and sold its stolen consumer goods to wholesalers both within and outside of the United States, and through online retailers.

### RJ Telecom

14.   **Arsalan Bhangda** and **Abdul Bhangda** own or operate numerous active companies. The operations of each company[2] were focused on the purchase of new devices for export to the U.A.E. or Hong Kong based companies. The corporate entity **RJ Telecom** acted as the parent company corporation involved in the shipment and invoicing of new devices to foreign based companies. **Abdul Bhangda** and **Arsalan Bhangda** are

---

[2] Except for RJ Builders and Developers LLC, which appears to be a holding company to purchase property. The company was funded through proceeds from Hadi Wireless and Global One Wireless.

First Superseding Indictment/Notice of Penalty

Page 4

in control of each company and operate all companies as one company with the overall goal of obtaining new devices for resale in foreign markets[3].

15.     **RJ Telecom** purchased new devices from numerous wholesalers, to include co-defendants under Eastern District of Texas cause number 4:20-CR-382, such as **Abdullah Anwar, Ali Anwar**, and **Jibran Khalil.**

16.     **RJ Telecom** purchased new devices from numerous device traffickers, to include co-defendants under Eastern District of Texas cause number 4:20-CR-382, such as **Jerome Omega Boulden, Jr., Reyshawn Willie Devon Green, Kaylen Elizabeth Taylor,** and **Cary Mark Thompson** and others.

17.     **RJ Telecom** maintained records for the purchase of devices from wholesalers and device traffickers in Excel spreadsheets, generally titled something to the effect of "Daily Buyings…" The spreadsheets generally documented the date, IMEI[4], product description, carrier, condition, amount, and customer, as depicted in its original form below. The spreadsheets captured transactions from 2016 into 2021[5]. The FBI combined the spreadsheets into a master spreadsheet, hereinafter referred to as "**RJ Telecom** Daily Buyings".

| date | imei | serialNumber | model | carrier | condition | price | name |
|---|---|---|---|---|---|---|---|
| 4/3/2019 | 357273097432944 | SF2LXL88YKPHJ | max 64gb | unlock | sealed | 952 | saad |
| 4/3/2019 | 357273097300455 | SF2LXL88YKPHJ | max 64gb | unlock | sealed | 952 | saad |

---

[3] For these reasons, and simplicity, at all times in this First Superseding Indictment, all transactions, financial statements, shipping records and other activities for **Abdul Bhangda and Arsalan Bhangda** and related companies will be reflected as **RJ Telecom.**

[4] The international mobile equipment identifier ("IMEI") is a unique identifier for a mobile handset or cellular device.

[5] The RJ Telecom records were obtained through the investigation and are not believed to be a complete set of records or account for all business transactions during this conspiracy.

First Superseding Indictment/Notice of Penalty

Page 5

18.     **RJ Telecom** Daily Buyings listed purchases from in or around September 2016, to on or about August 23, 2021. **RJ Telecom** purchased over 120,000 devices and paid its wholesalers and device traffickers[6] around $67,000,000. Carriers like AT&T, T-Mobile, and Verizon have provided approximate loss amounts totaling over $29,000,000 for a portion of the unique identifiers listed in the **RJ Telecom** Daily Buyings[7].

19.     From approximately 2017 to 2021[8], **RJ Telecom** received approximately $139,000,000 from companies in the U.A.E. or Hong Kong. **RJ Telecom** withdrew approximately $47,000,000[9] in U.S. currency. Device traffickers were commonly paid with U.S. currency.

20.     Throughout the conspiracy, **RJ Telecom** shipped packages containing stolen devices through interstate carriers to foreign companies in the U.A.E. and Hong Kong. Over 5,000 packages were shipped to U.A.E and Hong Kong companies, and, in many instances, these packages were shipped from a FedEx station located at 1200 Capital Avenue, Plano, Texas, a location within the Eastern District of Texas.

### Count One

> Violation:  Violation of 18 U.S.C. §§ 371 and 2314, and 2 (Conspiracy to transport stolen property in interstate (and foreign) commerce and aiding and abetting)

---

[6] This includes wholesalers and device traffickers not listed in this First Superseding Indictment or those indicted under 4:20-CR-382.

[7] AT&T, T-Mobile, and Verizon were sent over 70,000 IMEIs from the Daily Buyings and provided a preliminary analysis. Some of the fraud loss includes activations deemed first time non-pay or other designations which are highly indicative of fraud or theft.

[8] At the time of this First Superseding Indictment, the Government has not reviewed every bank record for RJ Telecom, SCS Supply Chain, their related entities.

[9] While device traffickers were commonly paid in cash, the exact use cannot be confirmed.

First Superseding Indictment/Notice of Penalty

Page 6

All prior allegations are re-alleged and incorporated by reference as though fully set forth herein.

## THE CONSPIRACY

From in or around January 2016, and continuing up to and including the date of this First Superseding Indictment, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas and elsewhere, **Amir Hossein Fathi** and **Levi Alexander Martinez**, the defendants, and others persons known and unknown to the Grand Jury did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree together and with each other, to commit certain offenses against the United States, to wit: conspiracy to transport, transmit, or transfer in interstate commerce or foreign commerce any goods, wares, merchandise, securities or money of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud, and aiding and abetting, in violation of 18 U.S.C. §§ 371 and 2314, and 2.

## OBJECT OF THE CONSPIRACY

The object of the conspiracy was to unlawfully take and obtain property, namely devices and consumer goods. The illegal taking of the property took place in the Eastern District of Texas and elsewhere, to include other states, and at times was transported from other states in and through the Eastern District of Texas. The property was sold to **RJ Telecom, SCS Supply Chain**, and their wholesalers. The stolen devices and consumer goods were routinely shipped in interstate and foreign commerce.

## MANNER AND MEANS

First Superseding Indictment/Notice of Penalty
Page 7

1. It was part of the conspiracy that the **Amir Hossein Fathi** and **Levi Alexander Martinez**, the defendants, and other persons known and unknown to the Grand Jury, discussed and planned with each other, among other things, the plan to obtain and sell stolen property.

2. Device traffickers obtained stolen devices in the Eastern District of Texas, and other locations, to include locations outside the state of Texas. The device traffickers obtained stolen devices through fraud, robbery or theft.

3. **RJ Telecom** and **SCS Supply Chain** purchased devices directly from its own device traffickers. **Arsalan Bhangda** and **Abdul Bhangda (RJ Telecom)** and **Saad and Maaz Aziz (SCS Supply Chain)**, and their employees, met with their device traffickers in public locations such as gas stations, bank parking lots, or other areas. Their retail stores were used to conduct transactions with their device traffickers. The device traffickers were routinely paid in U.S. currency for the devices.

4. **RJ Telecom** and **SCS Supply Chain** aggregated the new devices from device traffickers and wholesalers and exported them using interstate carriers to the U.A.E. and Hong Kong.

5. Wire transfers were received in return by **RJ Telecom** and **SCS Supply Chain** from foreign companies for these interstate and foreign shipments of new devices.

6. **SCS Supply Chain** obtained and sold stolen consumer goods to both domestic and foreign companies, and through online retailers.

7. It was further part of the conspiracy that the defendants, and others known and unknown, formulated a plan and agreement, which, among other things, included:

    a. the acquisition of fraudulent identification documents to include driver's licenses, social security cards, and/or credit or debit cards;

    b. to recruit individuals to travel to retail stores to use the fraudulent documents to purchase electronic devices, to include cell phones, tablets, watches, and laptops.

    c. to recruit employees of retail stores to assist in the sale of new devices through new line activation fraud (identity theft), sim card swap or other fraud or theft

    d. to identify and travel to retail stores in the Dallas metroplex and elsewhere, to include other areas within and outside of Texas.

    e. to fraudulently purchase the electronic devices at these retail stores in the Eastern District of Texas and elsewhere.

    f. to identify trailers, containers, warehouses, distribution centers, or other areas where consumers goods are stored.

    g. to recruit, coordinate and plan thefts from trailers, containers, warehouses, distribution centers, or other areas where consumers goods are stored.

    h. to steal by theft new devices or consumer goods from trailers, containers, warehouses or distribution centers.

First Superseding Indictment/Notice of Penalty
Page 9

i. to transport or ship stolen property located outside the State of Texas across state lines, or transport or ship stolen property from within Texas to the Dallas, Texas area.

j. to ultimately transport and sell the stolen property.

k. to purchase the new devices or consumer goods from traffickers or wholesalers.

l. to pay with U.S. currency, wire transfer, check, and other remitter services.

m. to send shipments of stolen new devices to foreign companies; to send shipments of consumer goods to intrastate, interstate, or foreign companies.

n. to receive payment for stolen devices or consumer goods via wire transfer.

o. to regularly engage in interstate and foreign commerce.

## OVERT ACTS OF THE CONSPIRACY

To affect the object of this conspiracy, **Amir Hossein Fathi** and **Levi Alexander Martinez,** and other persons known and unknown to the Grand Jury, committed overt acts within the Eastern District of Texas, and elsewhere, including, but not limited to, the following:

### SCS Supply Chain

First Superseding Indictment/Notice of Penalty
Page 10

1. **SCS Supply Chain** purchased new devices from its own device traffickers to include **James Reeves David, Reyshawn Wille Devon Green, Amir Hossein Fathi, and Levi Alexander Martinez**, among others.

*Amir Hossein Fathi*

2. From in or around 2017 to on or about August 20, 2021, through his employment with Acme Brick, **Amir Hossein Fathi** obtained and sold over 2,000 stolen new devices to **SCS Supply Chain**.

3. On or about April 9, 2019, **Amir Hossein Fathi** sold approximately 11 Apple iPads that were fraudulently obtained to **SCS Supply Chain**. An IMEI was identified for one of the 11 Apple iPads.

4. On or about April 15, 2019, the IMEI for the Apple iPad was found in the **RJ Telecom** Daily Buyings sold from "saad", or **SCS Supply Chain**, along with 10 additional Apple iPads with IMEIs. Each was listed as "sealed" and sold to **RJ Telecom** at $255.00 per unit, for a total of approximately $2,805.

5. All eleven Apple iPads were sold from AT&T to Acme Brick and later cancelled by Acme Brick.

6. On or about April 15 and April 17, 2019, **RJ Telecom** sent a total of ten packages from a FedEx station located within the Eastern District of Texas to the U.A.E.

7. On or about February 10, 2021, AT&T shipped approximately 30 Apple iPhone 11s to Amir Hossein Fathi, 3024 Acme Brick Plz, Fort Worth, Texas 76109-4104. AT&T confirmed these devices were stolen.

8.     On or about February 11, 2021, **Amir Hossein Fathi** sold approximately 30 Apple iPhone 11s to **SCS Supply Chain**.

9.     On or about February 12, 2021, SCS Supply Chain wired funds in the amount of $18,550 to a bank account in the name of Amir Hossein Fathi.

*Levi Alexander Martinez*

10.     From in or around May 2018 to September 2018, **Levi Alexander Martinez** sold at least $200,000 in stolen new devices to **SCS Supply Chain**.

11.     On or about May 21, 2018, **Levi Alexander Martinez** sold approximately ten stolen Apple iPhone 8s to **SCS Supply Chain**.

12.     On or about May 22, 2018, **Levi Alexander Martinez** sold approximately ten stolen Apple iPhone Xs to **SCS Supply Chain**.

*Consumer Goods*

13.     **SCS Supply Chain** purchased stolen consumer goods from traffickers like **Ali Anwar, Dameion Deon Calhoun, Jacourey Dewyone Blue, Evan Wilson, Donte Deon James, Reginald Henry, George Adel Israel**, among others.

14.     **SCS Supply Chain** shipped stolen consumer goods through interstate carriers to individuals and entities outside the state of Texas.

## **RJ TELECOM**

15.     **RJ Telecom** purchased new devices from its wholesalers to include **SCS Supply Chain**.

16.     From approximately September 2016 to May 2020, **RJ Telecom** Daily Buyings reflected approximately 3,000 devices purchased from **SCS Supply Chain** for the approximate amount of $2,500,000.

17.     **RJ Telecom** purchased new devices from its own device traffickers to include **Jerome Omega Boulden, Jr.**, **Reyshawn Wille Devon Green**, **Kaylen Elizabeth Taylor**, and **Cary Mark Thompson**, among others.

18.     On or about February 9, 2018, **Cary Mark Thompson** shipped a package containing stolen phones via FedEx from 1500 Westpark Drive, Little Rock, Arkansas to a FedEx station located at 1200 Capital Avenue, Plano, Texas, a location within the Eastern District of Texas.

19.     On or about December 2, 2019, a FedEx shipment believed to contain two cell phones obtained through fraud were sent under the name **Cary Mark Thompson** from Little Rock, Arkansas under the **RJ Telecom** shipping label to 1565 N. Central Expressway, Richardson, Texas. The **RJ Telecom** Daily Buyings listed the price paid to **Cary Mark Thompson** as $750 ($1,249.99) and $660 ($1,099). The two new stolen cell phones were included in an **RJ Telecom** invoice (number 124191051) dated December 4, 2019, in the amount of $120,900, shipped to Xpress Logistics in Dubai, U.A.E., and billed to Grand Famous Phones Trading LLC, Dubai, U.A.E. On or about December 4, 2019, a total of approximately three FedEx packages--under the shipper name **Arsalan Bhangda** for the shipper company **RJ Telecom**--were sent from a FedEx station at 1200 Capital Avenue, Plano, Texas, a location within the Eastern District of Texas, to Xpress

Logistics in Dubai, U.A.E. Days later, a wire transfer originating in the U.A.E. was sent by Xpress Logistics to **RJ Telecom** in the amount of $120,870 for invoice number 124191051.

20. On or about December 9, 2019, **Kaylen Elizabeth Taylor, Jacqueline Daneane Quinn**, and **Jasmine Hailey Omar** engaged in new line activation fraud for the purchase of four Apple iPhones, two Apple watches, and accessories totaling approximately $7,394.78 from a T-Mobile retail store located at 3628 Frankford Road, Suite #225, Dallas, Texas, a location within the Eastern District of Texas. **Kaylen Elizabeth Taylor** and **Jacqueline Daneane Quinn** used fraudulent identities to purchase the new consumer electronics. **Jasmine Hailey Omar** was a T-Mobile employee recruited to fraudulently sell to **Kaylen Elizabeth Taylor** and **Jacqueline Daneane Quinn**. The **RJ Telecom** Daily Buyings found that **Kaylen Elizabeth Taylor** sold the new cell phones[10] to **Abdul Bhangda** for $620 with a T-Mobile cost of $999.99, and one Apple s5 40mm 4g watch for $300 with a T-Mobile cost of $499.99.

21. On or about November 23, 2020, **Jerome Omega Boulden, Jr., a.k.a. "JayCash", Alvin Damon Arnold, Jr., Alcides Maurice Scott, D.H.,** and **Devonte Keshan Roberson,** robbed a Verizon store in Flower Mound, Texas, a location within the Eastern District of Texas. **Jerome Omega Boulden, Jr.** coordinated the sale with **Abdul Bhangda.** The stolen property was then transported and sold at **Global One**

---

[10] One of the new stolen cell phones was obtained by theft. The iPhone was added to the fraudulently created account by Taylor but was never rang out by Omar. One Apple watch stolen through new line activation fraud was not found in the Daily Buyings.

First Superseding Indictment/Notice of Penalty
Page 14

**Wireless** in Dallas, Texas, who in turn, shipped some of the devices in interstate and foreign commerce.

All in violation of Title 18 U.S.C. §§ 371 and 2314, and 2.

## Count Two

Violation: Violation of 18 U.S.C. §§ 371 and 659, and 2 (Conspiracy relating to interstate or foreign shipments by carrier; State prosecutions, and aiding and abetting)

All prior allegations are re-alleged and incorporated by reference as though fully set forth herein.

## THE CONSPIRACY

From in or about January 1, 2016, and continuing up to and including the date of this First Superseding Indictment, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas, and elsewhere, **Dameion Deon Calhoun, Jacourey Dewyone Blue, Evan Terrice Wilson, Vincent Edward Tasby, Donte Deon James, Reginald Henry, George Adel Israel** and others known and unknown to the Grand Jury, did knowingly combine, conspire, and agree to commit certain offenses against the United States, to wit: conspiracy to steal, or unlawfully take, carry away, or conceal, or by fraud or deception obtain from any pipeline system, railroad car, wagon, motortruck, trailer, or other vehicle, or from any tank or storage facility, station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air cargo

First Superseding Indictment/Notice of Penalty
Page 15

container, air terminal, airport, aircraft terminal or air navigation facility, or from any intermodal container, trailer, container freight station, warehouse, or freight consolidation facility, with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight, express, or other property; or whoever bought or received or had in his possession any such goods or chattels, knowing the same to have been embezzled or stolen, and aiding and abetting, in violation of 18 U.S.C. §§ 371 and 659, and 2.

## MANNER AND MEANS

1. It was part of the conspiracy that **Dameion Deon Calhoun, Jacourey Dewoyne Blue, Evan Terrice Wilson, Vincent Edward Tasby, Donte Deon James, Reginald Henry, George Adel Israel**, the defendants, and other persons known and unknown to the Grand Jury, discussed and planned with each other, among other things, the plan to unlawfully obtain property through theft, carrying away, concealment, or by fraud or deception, and to sell or buy the stolen property.

2. It was further part of the conspiracy that the defendants, and others known and unknown, formulated a plan and agreement, which, among other things, included:

    a. to identify trailers, containers, warehouses, distribution centers, or other areas where consumers goods are stored.

    b. to recruit, plan, and coordinate the thefts from trailers, containers, warehouses, distribution centers, or other areas where consumers goods are stored.

c. to steal by theft new devices or consumer goods from trailers,

containers, warehouses, distribution centers or other areas where

consumer goods are stored.

d. to transport or ship stolen property located outside the State of Texas

across state lines, or transport or ship stolen property from within Texas

to the Dallas, Texas area.

e. to sell or receive the stolen property.

f. to pay or receive U.S. currency in exchange for the consumer goods.

## OVERT ACTS

*Yeti Product*

3. On or about December 25, 2018, **Vincent Edward Tasby**, as well as persons unknown to the Grand Jury, did knowingly and intentionally steal and unlawfully take, carry away, and conceal from a trailer at a distribution facility located in Irving, Texas, a shipment under bill of lading number MLCWPVG18110550, with the intent to convert to their own use, goods and chattels, valued over $1,000, that is approximately 1,140 units of Yeti Hopper Flip 18 soft coolers, destined for a distribution center located in Dallas, Texas, moving as and were a part of and constituted an interstate shipment of freight, express and other property.

4. On or about January 5, 2019, persons known and unknown to the Grand Jury, did knowingly and intentionally steal and unlawfully take, carry away, and conceal

from a trailer located in Fort Worth, Texas, a shipment under bill of lading number NBDAL3042171, with the intent to convert to their own use, goods and chattels, valued over $1,000, that is approximately 31,680 units of Yeti Rambler (Navy) 14oz mugs, destined for a distribution center located in Dallas, Texas, moving as and were a part of and constituted an interstate shipment of freight, express and other property.

5. On or about January 8, 2019, **Jacourey Dewyone Blue** coordinated with **Maaz Aziz** the sale of Yeti cups that were purchased by **SCS Supply Chain**.

6. On or about January 11, 2019, **Jacourey Dewyone Blue** coordinated with **Maaz Aziz** the sale of Yeti cups and coolers that were purchased by **SCS Supply Chain**.

7. On or about August 7, 2020, persons unknown to the Grand Jury, did knowingly and intentionally steal and unlawfully take, carry away, and conceal from a trailer located in Irving, Texas, a shipment under bill of lading numbers 0088223704 and 0088223706, with the intent to convert to their own use, goods and chattels, valued over $1,000, that is approximately 3,488 units of Rambler 30oz Tumbler (Graphite), Rambler Colster 2.0 (Graphite), Rambler Gallon Jugs, and Yeti Hoppers, among other Yeti products destined for Dunham Sports located in Marion, Indiana moving as and were a part of and constituted an interstate shipment of freight, express and other property.

8. On or about August 7, 2020, **Donte Deon James** coordinated with **Saad Aziz** the sale of Yeti cups and coolers that were purchased by **SCS Supply Chain.**

9. On or about October 16, 2020, persons unknown to the Grand Jury, did knowingly and intentionally steal and unlawfully take, carry away, and conceal from a

First Superseding Indictment/Notice of Penalty
Page 18

trailer located in Dallas, Texas, a shipment under bill of lading numbers 121008766, 121008775, and 121008794, with the intent to convert to their own use, goods and chattels, valued over $1,000, that is approximately 10,440 units of Yeti Rambler 10oz Lowball mugs, Yeti Rambler 10oz wine mugs, Yeti Tumblers, and Yeti Rambler Colster 2.0, among other Yeti products destined for Total Wine located in North Bergen, New Jersey, moving as and were a part of and constituted an interstate shipment of freight, express and other property.

10. On or about October 17, 2020, **Reginald Henry** coordinated with **Saad Aziz** the sale of Yeti cups and coolers that were purchased by **SCS Supply Chain.**

11. On or about May 8, 2021, persons unknown to the Grand Jury, did knowingly and intentionally steal and unlawfully take, carry away, and conceal from a trailer located in Arlington, Texas, a shipment under bill of lading number 134002554[11], with the intent to convert to their own use, goods and chattels, valued over $1,000, that is approximately 8,389 units of various Yeti products to include Loadout Buckets, Yeti Coolers, Yeti Ramblers, among other Yeti products destined for Academy Sports and Outdoors located in Cookeville, Tennessee, moving as and were a part of and constituted an interstate shipment of freight, express and other property.

12. On or about May 10, 2021, **Reginald Henry** coordinated with **Saad Aziz** the sale of Yeti cups and coolers that were purchased by **SCS Supply Chain.**

---

[11] The Master Bill of Lading for the shipment included multiple bills of lading:134002564, 134002569, 134002592, 134002597, 134002651, 134002662, 134002681, 134002682, 134002684, 134002685, 134002688, 134002693, 134002711, 134002714, 134002717, 134002735, 134002810, 134002814, 134002815, 134002822, 134002841, 134002843, 134436567, 134436592, 134436604, 134436607, 134436609, 134436610, 134436613, 134436620, 134436626, 134436631, 134436633, 134436635, 134436641, 134436648, 134436650, 134436653.

First Superseding Indictment/Notice of Penalty
Page 19

13.    On or about August 24, 2021, pursuant to a search warrant executed by the

FBI at SCS Supply Chain warehouse, 14292 Gillis Road, Farmers Branch, Texas,

approximately 196 Yeti items from the shipment under bill of lading 134002714

(Academy Sports and Outdoors) were recovered.

*Samsung Monitors*

*Puma Shoes*

14.    On or about February 5, 2020, **Vincent Edward Tasby** and other persons

known and unknown to the Grand Jury, did knowingly and intentionally steal and

unlawfully take, carry away, and conceal from a trailer at the business of an intermodal

trucking company in Dallas, Texas, a shipment under bill of lading number

06031580027613299, with the intent to convert to their own use, goods and chattels,

valued over $1,000, that is approximately 1,282 cartons of Puma footwear described as

Cell Alien OG destined for a distribution center located in Irving, Texas, moving as and

were a part of and constituted an interstate shipment of freight, express and other

property.

15.    On or about February 14, 2020, DeSoto Police Department arrested

**Dameion Deon Calhoun** and conducted search warrants that resulted in the recovery of

stolen property, to include approximately 90 boxes of the stolen Puma footwear described

as Cell Alien OG.

16.    On or about March 2, 2020, **Donte Deon James** sent a photograph of the

stolen Puma Cell Alien OG shoes to **Saad Aziz**.

First Superseding Indictment/Notice of Penalty
Page 20

17.     On or about March 4, 2020, **Evan Terrice Wilson** sold approximately 2,000 pairs of Puma Cell Alien OG shoes to **Maaz Aziz** and **SCS Supply Chain**.

18.     On or about August 24, 2021, pursuant to a search warrant executed by the FBI at SCS Supply Chain warehouse, 14292 Gillis Road, Farmers Branch, Texas, approximately 2,000 pairs of Puma Cell Alien OG shoes, were recovered from the shipment under bill of lading number 06031580027613299.

*Ingram Micro Mobility Warehouse*

19.     In or around February 2021, Bobby Miller and other persons known and unknown to the Grand Jury, did knowingly and intentionally steal and unlawfully take, carry away, and conceal from a warehouse and storage facility of Ingram Micro Mobility, in Millington, Tennessee ("USML"), with the intent to convert to their own use, goods and chattels in excess of $1,000, that is approximately 80 Lenovo and 14 Microsoft laptops, which were moving as, were a part of, and constituted a foreign and interstate shipment of freight, express and other property.

20.     Specifically, on or about February 19, 2021, Miller transported from Tennessee, approximately 80 Lenovo laptops and 14 Microsoft laptops, and possessed said property while traveling in and through the Eastern District of Texas, to Dallas, Texas, where Miller sold the stolen property, to **SCS Supply Chain.**

21.     In numerous instances, Miller and others stole property from the USML warehouse, and transported and possessed the stolen property from Tennessee, in and

First Superseding Indictment/Notice of Penalty
Page 21

through the Eastern District of Texas, to Dallas, Texas, where the property was sold to **SCS Supply Chain.**

*Samsung Curved Monitors*

22. On or about November 3, 2018, persons unknown to the Grand Jury, did knowingly and intentionally steal and unlawfully take, carry away, and conceal from a trailer located in Dallas, Texas, a shipment under bill of lading number 11109837, with the intent to convert to their own use, goods and chattels, valued over $1,000, that is approximately 660 units of Samsung Monitors destined for Costco Depot #288 in Dallas, moving as and were a part of and constituted an interstate shipment of freight, express and other property.

23. On or about November 4, 2018, **Jacourey Dewyone Blue** coordinated with Maaz Aziz the sale of Samsung monitors purchased by **SCS Supply Chain.**

*Samsung Hospitality Televisions*

24. On or about July 23, 2021, persons known and unknown to the Grand Jury, did knowingly and intentionally steal and unlawfully take, carry away, and conceal from a trailer located in Dallas, Texas, a shipment under bill of lading number 13688566, with the intent to convert to their own use, goods and chattels, valued over $1,000, that is a trailer containing approximately 279 Samsung hospitality televisions, destined for a business located in Phoenix, Arizona, moving as and were a part of and constituted an interstate shipment of freight, express and other property.

25.     On or about July 30, 2021, **Dameion Deon Calhoun**, and other persons unknown to the Grand Jury, sold approximately 200 Samsung hospitality televisions to **SCS Supply Chain**.

26.     On or about August 24, 2021, pursuant to a search warrant executed by the FBI at **SCS Supply Chain** warehouse, 14292 Gillis Road, Farmers Branch, Texas, approximately 200 of the stolen Samsung hospitality televisions were recovered.

*Dewalt Drills*

27.     On or about July 31, 2021, persons unknown to the Grand Jury, did knowingly and intentionally steal and unlawfully take, carry away, and conceal a trailer at an unknown location, destined for Tractor Supply Company, in Waco, Texas, bearing the bill of lading number 164L8343456P, with the intent to convert to their own use, goods and chattels, valued at over $1,000, that is a trailer containing approximately 1,135 units of Dewalt drills (DCD791P1), moving as and were a part of and constituted an interstate shipment of freight, express and other property.

28.     On or about August 5, 2021, **George Adel Israel**, sold 720 units of the Dewalt drills bearing product code DCD791P1 to **Ali Anwar**.

29.     On or about August 5, 2021, **Ali Anwar** sold the 720 units of Dewalt drills bearing product code DCD791P1 to **Saad Aziz** and **SCS Supply Chain**.

30.     On or about August 24, 2021, pursuant to a search warrant executed by the FBI at **SCS Supply Chain** warehouse, 14292 Gillis Road, Farmers Branch, Texas,

approximately 720 units of the Dewalt drills bearing DCD791P1 were recovered from the shipment under bill of lading number 164L8343456P.

*Bissell Vacuums*

31.     On or about March 5, 2021, persons unknown to the Grand Jury, did knowingly and intentionally steal and unlawfully take, carry away, and conceal from a trailer, located in Dallas, Texas, bearing the bill of lading numbers CAAU5653136 and TEMU6021120, with the intent to convert to their own use, goods and chattels, specifically two ocean containers containing Bissell Homecare, Inc. products valued over $1,000, that was approximately 5,155 units of Bissell product, moving as and were part of and constituted a foreign and interstate shipment of freight, express and other property.

32.     On or about March 9, 2021, **Donte Deon James** and others unknown sold approximately 3,600 units of Bissell product to **SCS Supply Chian.**

33.     On or about August 2, 2021, **Vincent Edward Tasby** and other persons unknown to the Grand Jury, did knowingly and intentionally steal and unlawfully take, carry away, and conceal from a warehouse and storage facility of Bissell Homecare, Inc., located in Mesquite, Texas, a shipment under bill of lading numbers MEDUCU454749, MEDUCU9130451, MEDUP9142746, and OOLU2667785700, with the intent to convert to their own use, goods and chattels, specifically four ocean containers containing Bissell Homecare, Inc. products, valued over $1,000, that is approximately 4,493 units of Bissell product, moving as and were a part of and constituted a foreign and interstate shipment of freight, express and other property.

First Superseding Indictment/Notice of Penalty
Page 24

34.     On or about August 23, 2021, **Dameion Deon Calhoun** and others unknown sold approximately 1,156 units of Bissell product to **SCS Supply Chain**.

35.     On or about August 24, 2021, pursuant to a search warrant executed by the FBI at **SCS Supply Chain** warehouse, 14292 Gillis Road, Farmers Branch, Texas, approximately 1,156 units of the stolen Bissell product were recovered from the shipment under MEDUCU454749, MEDUCU9130451, MEDUP9142746, and OOLU2667785700.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses charged in this First Superseding Indictment, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(c), 982, and 28 U.S.C. § 2461, all property used to commit or facilitate the offenses, proceeds from the offenses, and property derived from proceeds obtained directly or indirectly from the offenses.

All such proceeds and/or instrumentalities are subject to forfeiture by the government.

A TRUE BILL

Original Signature on File

_____
GRAND JURY FOREPERSON

BRIT FEATHERSTON
UNITED STATES ATTORNEY

_____
COLLEEN BLOSS
ERNEST GONZALEZ
Assistant United States Attorneys

4/20/22
_____
Date

First Superseding Indictment/Notice of Penalty
Page 25

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **SEALED** |
| | § | |
| v. | § | |
| | § | |
| AMIR HOSSEIN FATHI (1) | § | No. 4:22-CR-00057 |
| LEVI ALEXANDER MARTINEZ (2) | § | Judge Jordan |
| JACOUREY DEWYONE BLUE (3) | § | |
| DAMEION DEON CALHOUN (4) | § | |
| EVAN TERRICE WILSON (5) | § | |
| VINCENT EDWARD TASBY (6) | § | |
| DONTE DEON JAMES (7) | § | |
| REGINALD HENRY (8) | § | |
| GEORGE ADEL ISRAEL (9) | § | |

## NOTICE OF PENALTY

### Count One

Violation:    18 U.S.C. §§ 371 and 2314 and 2

Penalty:      Imprisonment for a term of not more than ten years; a fine not to exceed $250,000.00; and supervised release of not more than three years.

Special Assessment: $100.00

### Count Two

Violation:    18 U.S.C. §§ 371 and 659 and 2

Penalty:      Imprisonment for a term of not more than ten years; a fine not to exceed $250,000.00; and supervised release of not more than three years.

Special Assessment: $100.00

First Superseding Indictment/Notice of Penalty
Page 26